UNITED STATED DISTRICT COURT
DISTRICT OF MASSACHUSETTS

*******************************************

**UNITED STATES OF AMERICA**
       **Plaintiff**

VS.               Civil Action No. 03-cv12378MLW

**99-101 LONGFELLOW ROAD,
WORCESTER, MASSACHUSETTS**
       **Defendants**

*******************************************

## AFFIDAVIT OF LEWIS J. COHN, ESQUIRE

I, Lewis J. Cohn, under oath, hereby depose and state as follows:

1  I am an attorney at law, duly licensed and in good standing with all Courts of the Commonwealth of Massachusetts.

2.  I and the law firm of Cohn & Dussi, LLC, represent Mortgage Electric Registration Systems, Inc., as Nominee for GMAC Mortgage Corporation ("GMACM"), in connection with this forfeiture action commenced by the United States of America against the property located at 99-101 Longfellow Road, Worcester, MA (the "Property")

3.  GMACM has filed a Verified Answer in this case to assert a claim arising out of its first first mortgage on the Property. GMACM is an innocent owner, and therefore, is entitled to receive payment in full of its principle mortgage balance in the event that the United States prevails on its claims.

4.  This Affidavit is submitted in response to the Order of the Court dated December 20, 2004 (Wolf, D.J.) to show cause why sanctions should not be imposed against me for not signing the Local Rule 16.1 Joint Statement, and for not appearing for the Court's Scheduling Conference on December 20, 2004.

5. I did not sign the Local Rule 16.1 Joint Statement because the Assistant U.S. Attorney, Christina Barclay Joint Statement, did not circulate the Joint Statement to me for my participation or signature prior to the filing of the Joint Statement with the Court.

6. Further, I did not appear for the Court's Scheduling Conference on December 20, 2004, based on a telephone conversation which my associate, Attorney Michael H. Theodore, had with Assistant U.S. Attorney Christina Barclay on December 17, 2004. In that conversation, Attorney Theodore, upon inquiry, was informed by Attorney Barclay that mortgagees such as our client GMACM did not normally attend the scheduling conferences in a forfeiture action such as this because they are merely innocent parties to the proceedings, and that GMACM would get paid once a determination is made of the merits of the forfeiture proceeding.

7. Attorney Barclay's failure to involve my office in the signing of the Joint Statement, coupled with the phone conversation between Attorneys Barclay and Theodore, caused me to reasonably believe that my attendance at the Scheduling Conference was neither necessary nor required.

8. My failure to sign the Local Rule 16.1 Joint Statement and to attend the Scheduling Conference was not the result of a deliberate and conscious effort to violate any of the Court's Orders or to disregard the applicable rules of procedure in this case.

Signed under the pains and penalties of perjury this 21 day of December, 2004.

Lewis J. Cohn, Esq.