UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
UNITED STATES OF AMERICA,         )
              Plaintiff,          )
                                  )
          v.                      )  Civil Action No. 03-12378-MLW
                                  )
99-101 LONGFELLOW ROAD,            )
WORCESTER, MASSACHUSETTS,          )
              Defendant.          )
_____)
                                  )
LOUIS THOMPSON,                   )
              Claimant.           )
```

**AFFIDAVIT OF
ASSISTANT UNITED STATES ATTORNEY KRISTINA E. BARCLAY
<u>IN RESPONSE TO AFFIDAVIT OF LEWIS J. COHN, ESQUIRE</u>**

I, Kristina E. Barclay, being duly sworn, state the following:

1. I am an Assistant United States Attorney. I represent the plaintiff, the United States of America, in this case.

2. I submit this Affidavit in response to the Affidavit of Lewis J. Cohn, Esquire, dated and filed on December 21, 2004, but not yet served on the United States.

3. This Affidavit is submitted for the limited purpose of responding to certain misrepresentations made in Attorney Cohn's Affidavit regarding my conversation with Attorney Cohn's associate, Michael H. Theodore, on December 17, 2004.

4. This Office forwarded a draft expedited settlement agreement with GMAC Mortgage Corporation to Attorney Cohn on

August 23, 2004. It was my understanding that GMAC Mortgage Corporation's claim in this forfeiture action was in the process of being settled.

5. Counsel for GMAC Mortgage Corporation did not contact me regarding this Court's November 18, 2004 Notice of Scheduling Conference/Motion Hearing until Attorney Theodore called me on December 17, 2004 – four days after the Joint Statement was due to be filed with the Court. During my conversation with Attorney Theodore, he acknowledged receiving this Court's November 18, 2004 Notice of Scheduling Conference/Motion Hearing.

6. During the December 17, 2004 conversation, Attorney Theodore asked me whether he should appear at the December 20, 2004 Local Rule 16.1 conference. I stated that ordinarily mortgage companies do not appear at such conferences (indeed, mortgage companies do not typically file claims in forfeiture actions), but that in this case I would recommend that he appear. Attorney Theodore acknowledged that he was under an Order of this Court to appear at the December 20, 2004 conference.

Signed under penalties of perjury this 6th day of January 2005.

/s/Kristina E. Barclay
KRISTINA E. BARCLAY
Assistant U.S. Attorney