UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff, | **FILED UNDER SEAL** |
| v. | Civil Action No. |
| 99-101 LONGFELLOW ROAD,<br>WORCESTER, MASSACHUSETTS,<br>Defendant. | 03 CV 1 2 3 7 8 MLW |

## VERIFIED COMPLAINT FOR FORFEITURE IN REM

The United States of America, by its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, in a civil action of forfeiture pursuant to 21 U.S.C. § 881(a)(7), alleges that:

1. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355. Venue is appropriate pursuant to 28 U.S.C. § 1395.

2. The defendant property consists of the real property located at 99-101 Longfellow Road, Worcester, Massachusetts, including all buildings, appurtenances, and improvements thereon, as described in more detail and recorded in the Worcester County Registry of Deeds at Book 16257, Page 98 (the "Defendant Property"). The Defendant Property currently is owned by Louis Thompson.

3. The in rem Defendant Property is now, and, during the pendency of this action, will be within the jurisdiction of this Court.

4. As detailed in the Affidavit of Darnell McGee of the

Worcester Police Department Vice Squad, and the Affidavit of United States Drug Enforcement Administration Special Agent James F. O'Hara II, attached as Exhibits A and B and incorporated herein by reference, the United States has probable cause to believe that the Defendant Property constitutes real property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of 21 U.S.C. §§ 841, 846, and/or 856.

5.    The Defendant Property is, therefore, subject to seizure and forfeiture to the united States of America, pursuant to 21 U.S.C. § 881(a)(7).

WHEREFORE, the United States of America requests:

1.    That a Warrant and Monition, in the form submitted herewith, be issued to the United States Marshal for the District of Massachusetts commanding him to give notice to all interested parties to appear and show cause why the forfeiture should not be decreed;

2.    That judgment of forfeiture be decreed against the Defendant Property;

3.    That thereafter, the Defendant Property be disposed of according to law; and

2

4.    For costs and all other relief to which the United States may be entitled.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney,

By:    _____
KRISTINA E. BARCLAY
Assistant U.S. Attorney
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3100

Dated: November 25 , 2003

3

## VERIFICATION

I, James F. O'Hara II, Special Agent, United States Drug Enforcement Administration, state that I have read the foregoing Verified Complaint for Forfeiture In Rem and the Affidavits attached as Exhibits A and B, and that the contents thereof are true to the best of my knowledge, information, and belief.

James F. O'Hara II
Special Agent,
United States Drug Enforcement
Administration

Dated: November 24, 2003

COMMONWEALTH OF MASSACHUSETTS

Suffolk, ss.                                                        Boston

Then personally appeared before me the above-named James F. O'Hara II, Special Agent, United States Drug Enforcement Administration, who acknowledged the foregoing to be true to the best of his knowledge, information, and belief, and to be his free act and deed on behalf of the United States of America.

Subscribed to and sworn to before me this 24 day of November, 2003.

Notary Public Erin R. Donovan
My commission expires: 2/12/04

4



## EXHIBIT A

### AFFIDAVIT OF DARNELL MCGEE

I, Darnell McGee, state the following under oath:

1.   I am a police officer with the Worcester Police Department Vice Squad. I have been a member of the Worcester Police Department for the past eighteen years, and I have been assigned to the Vice Squad for the past fifteen years. Prior to joining the Vice Squad, I was assigned to the Great Brook Valley housing projects as a patrol officer. During that assignment, I arrested over two hundred individuals for violations of the Controlled Substances Act. During my assignment to the Vice Squad, I have been involved in over three hundred investigations relating to violations of the Controlled Substances Act. Those investigations included surveillance, controlled and undercover narcotics purchases, and the execution of search warrants relating to the distribution and the sale of controlled substances. I also have completed a Basic Narcotics Investigation Course offered by the Massachusetts State Police.

2.   As a result of my training and experience, I am familiar with the methods, routines, and practices of individuals involved in the sale and trafficking of narcotics. I am also familiar with the various paraphernalia used to manufacture, compound, process, deliver and dispense heroin, cocaine, marijuana, and other controlled substances.

GOVERNMENT
EXHIBIT
A

3.     I submit this affidavit in support of a Complaint for
Forfeiture In Rem against the real property and buildings located
at 99-101 Longfellow Road, Worcester, Massachusetts (the
"Defendant Property").   The Defendant Property currently is owned
by Louis Thompson.   This affidavit does not contain every detail
I and other law enforcement personnel learned during the course
of this investigation.

4.     This affidavit is based on an investigation conducted
by members of the Worcester Police Vice Squad.   The investigation
included surveillance, controlled purchases of narcotics by a
confidential informant, and the execution of search warrants.
The factual statements made in this affidavit are based on my own
participation in the investigation and on information provided to
me by other law enforcement officers.   On September 9, 2003, I
submitted Applications for Search Warrants for the Defendant
Property and a gray Honda Accord bearing Massachusetts
Registration number 1470RP[1] (the "Accord").   The affidavit I
submitted in support of those Applications is attached as Exhibit
A-1 (the "Search Warrant Affidavit") and incorporated herein by
reference.

---

[1]   The Accord is registered to the Maytag Just Like Home
Laundromat (the "Laundromat").   Thompson is the owner of the
Laundromat.

2

## Investigation

5.   As set forth in more detail in the Search Warrant
Affidavit, on or about August 13, 2003, a confidential informant
("CI1") began providing information to me about illegal narcotics
activity in Worcester. On or about August 18, 2003, CI1 informed
me that CI1 had been buying large amounts of rock cocaine from a
Jamaican male CI1 knew as "Rat" for the last several months at
all hours of the night and day. CI1 stated that "Rat" was
supplying large amounts of crack cocaine to other smaller level
cocaine dealers in Worcester. CI1 stated that it had purchased
amounts of rock cocaine, packed in knot-tied plastic baggies,
from "Rat" ranging from a quarter of an ounce to an ounce, at
prices ranging from $250 to $1,000. CI1 also stated that "Rat"
delivered cocaine using a gray Honda. CI1 would call "Rat" on
his cell phone, (774) 249-3187 and "Rat" would meet CI1 at a
predetermined location.

6.   As set forth more particularly in the Search Warrant
Affidavit, "Rat" was positively identified by CI1 and through
inquiries of the Massachusetts Registry of Motor Vehicles and the
criminal records Master Card File as Louis Thompson. The
investigation revealed that Thompson lives in the first-floor
apartment of the Defendant Property. I and other members of the
Vice Squad, including Officer McGee, are familiar with Thompson
from past investigations. Our investigation revealed that

3

Thompson owns the Maytag Just Like Home Laundromat (the "Laundromat"), located at 221 Chandler Street in Worcester. Thompson and the Laundromat have been the subjects of other narcotics investigations conducted by the Vice Squad since approximately .

Controlled Narcotics Purchases

7.    On or about August 18, 2003, CI1, at the direction of officers from the Vice Squad, engaged in a controlled purchase of narcotics from Thompson. As more particularly described in the Search Warrant Affidavit, CI1 contacted Thompson by cell phone and arranged for the purchase of cocaine at a location in Worcester. CI1 was driven to this area, and officers observed Thompson arrive in the Accord. Officers watched Thompson exit the Accord and give CI1 an amount of crack cocaine in a knot-tied plastic bag in exchange for United States currency.

8.    On or about August 20, 2003, CI1, at the direction of officers from the Vice Squad, engaged in a second controlled purchase of narcotics from Thompson. As more particularly described in the Search Warrant Affidavit, CI1 contacted Thompson by cell phone and arranged for the purchase of cocaine at a location in Worcester after Vice Squad Officer Patrick Moran had established surveillance of the Defendant Property. CI1 was driven to the location in Worcester, and a short time later Officer Moran observed the Accord arrive at the Defendant

4

Property with one male operator. 'The Accord pulled to the rear of the property out of Officer Moran's sight, and after approximately five to seven minutes, Officer Moran observed the same vehicle leave the Defendant Property with one black male operator. A short time later, I observed Thompson arrive in the Accord at the location determined by Thompson. Officers observed Thompson exit the vehicle and give CI1 an amount of crack cocaine in a knot-tied plastic bag in exchange for United States currency.

9. Between August 26 and August 29, 2003, CI1, at the direction of officers from the Vice Squad, engaged in a third controlled purchase of narcotics from Thompson. As more particularly described in the Search Warrant Affidavit, CI1 contacted Thompson by cell phone and arranged for the purchase of cocaine at a location in Worcester after Vice Squad Officers had established surveillance of the Defendant Property. CI1 was driven to the location in Worcester, and approximately ten minutes later, Vice Squad officers observed the Accord arrive at the Defendant Property. After a short time, the Accord left the Defendant Property and Vice Squad officers followed it to the location determined by Thompson. Officers observed Thompson exit the vehicle and give CI1 an amount of crack cocaine in a plastic bag in exchange for United States currency.

10. Between September 6 and September 9, 2003, CI1, at the

5

direction of officers from the Vice Squad, engaged in a fourth controlled purchase of narcotics from Thompson. Vice Squad members established surveillance at the Defendant Property, and at Laundromat. As more particularly described in the Search Warrant Affidavit, CI1 contacted Thompson by cell phone and arranged for the purchase of cocaine at a location in Worcester, to which CI1 was subsequently taken by Vice Squad officers. Approximately fifteen minutes later, Officer Moran observed Thompson exit the Laundromat and enter the Accord. Officers followed the Accord to the Defendant Property, and observed the Accord pull to the rear of the property. After approximately five minutes, the Accord left the Defendant Property and Vice Squad officers followed it to the location determined by Thompson. Officers observed Thompson exit the vehicle and give CI1 an amount of crack cocaine in a plastic bag in exchange for United States currency.

11. As set forth more fully in the Search Warrant Affidavit, Vice Squad Officer James O'Rourke received information from a confidential informant ("CI2") corroborating the information provided to me by CI1. CI2 stated that it was also buying cocaine from a Jamaican male known to CI2 as "Rat." CI2 stated that it would call (774) 249-3187 and arrange for cocaine purchases. CI2 also stated that it has on occasion purchased cocaine from "Rat" out of the first-floor apartment at the Defendant Property, and that Rat has also delivered cocaine to

6

CI2 in a gray Honda Accord. As set forth in the Search Warrant
Affidavit, CI2 also positively identified "Rat" as Thompson. On
August 26, 2003, CI2 told Officer O'Rourke that it had purchased
cocaine from Thompson out of the first-floor apartment at the
Defendant Property within the prior two weeks.

Search Warrants

12. On September 9, 2003, based on the foregoing
information, set forth more fully in the Search Warrant
Affidavit, the Worcester District Court issued search warrants
for Apartment 1 of the Defendant Property, including, inter alia,
all cellars and storage spaces associated with Apartment 1, and
the Accord.

13. On September 9, 2003, at approximately 10:30 p.m.,
members of the Vice Squad stopped the Accord on Pleasant Street
in Worcester for the purpose of executing the search warrant.
Thompson, who was operating the Accord, was secured and informed
of his rights under Miranda. Thompson was shown both search
warrants and stated in response to questioning that there were
two or three males present in the first-floor apartment of the
Defendant Property. He also identified two keys on his key ring
that would open the apartment doors. Thompson then accompanied
officers to the Defendant Property.

14. On September 9, 2003, at approximately 10:40 p.m.,
members of the Vice Squad executed the search warrant for the

7

Defendant Property.  Four males were discovered in the apartment:
Patrick Gordon, Mark Stephens, Damian Campbell and Sean Barrett.

15.  During the search of the Defendant Property, officers
recovered, among other things:

> a.   a number of sandwich bags containing a white
>      powder substance;
>
> b.   a number of sandwich bags containing pieces of a
>      rock-like substance;
>
> c.   one Banknorth money envelope and other paperwork
>      addressed to "Rat";
>
> d.   $36,511.00 in United States currency;
>
> e.   one bottle of creatine powder;
>
> f.   one bottle of inositol powder;
>
> g.   one Tanita scale;
>
> h.   narcotics packaging materials, including sandwich
>      sized plastic bags, some with cut corners and some
>      containing residue;
>
> i.   one .45 caliber Colt semiautomatic handgun loaded
>      with seven live cartridges;
>
> j.   one .357 caliber Colt revolver, loaded with six
>      live cartridges;
>
> k.   one .357 caliber Colt revolver, loaded with
>      thirty-eight live cartridges;
>
> l.   twenty-nine live .45 caliber cartridges;

8

m.   one Verizon cellular telephone;

n.   an Arch pager;

o.   three flashlights;

p.   a box containing various gun cleaning and
     maintenance items, including two gun cleaning kits
     and gun lubricants;

q.   one "roach"; and

r.   one bag of green herbal substance.

16.   The powder and rock-like substances seized at the
Defendant Property were analyzed, and certain samples were
certified to contain cocaine.  The total weight of the cocaine
found at the Defendant Property was in excess of 69.7 grams.  The
"roach" and bag of green herbal substance were analyzed and
certified to contain marijuana.

17.   Thompson, Gordon and Stephens, all of whom stated that
they resided in Apartment 1 of the Defendant Property, were
arrested during the execution of the search warrants.  Each was
charged with three counts of possession of a firearm without a
license, one count of possession of ammunition without an
Firearms Identification card, and one count of trafficking in
cocaine between 28 and 99 grams.

18.   On September 10, 2003, Vice Squad Officer Paul Noone
responded to a call from the second floor tenant of the Defendant
Property, David Musso.  Musso reported that his nephew was up in

9

the attic a short time earlier straightening things out. Under a
space between the floorboards he found a paper bag containing a
.40 caliber S&W Tanfoglio (EEA) Witness model semi-automatic
pistol loaded with nine live cartridges.

19.  On November 14, 2003, Thompson, Gordon and Stephens
were indicted on one count of distribution/possession with intent
to distribute twenty-eight to one hundred grams of cocaine, one
count of possession of marijuana, four counts of unlawful
possession of a firearm, one count of unlawful possession of
ammunition, and four counts of illegally storing a firearm.
These criminal cases currently are pending in Worcester Superior
Court.

Signed under the pains and penalties of perjury this $\partial l$ day
of November 2003.

*Darnell McGee*

Officer Darnell McGee
Worcester Police Department,
Vice Squad

11

**A F F I D A V I T** Case 1:03-cv-12378-MLW Document 83-2 Filed 05/12/2005 Page 16 of 22
**I SUPPORT OF APPLICATION**
**FOR SEARCH WARRANT**

TRIAL COURT OF MASSACHUSETTS




    The undersigned Darnell McGee is a police officer for the city of Worcester Ma. The undersigned is assigned to the Vice Squad has been a member of the Worcester Police Department for the past eighteen years. The undersigned has been assigned to the Vice Squad for the past fifteen years. Prior to working in the Vice squad the undersigned was assigned as a patrol officer in the Great Brook Valley housing projects for three to four years. During my assignment to Great Brook Valley the undersigned made several hundred-drug arrest. The undersigned has also completed a Basis Narcotics Investigation Course instructed by the Massachusetts Sate Police. During my assignment to the Vice Squad I have taken part in several hundred narcotic investigations resulting in hundreds of drug arrest. During the course of these investigations the undersigned has become familiar with the methods, practices and techniques employed by persons involved in the illegal distribution of controlled substances. The undersigned has obtained over three hundred search warrants for drug violations and taken part in the service of several hundred search warrants for drug violations. These search warrants have resulted in the seizure of drugs, cash and firearms. I have also testified in District and Superior Court as an expert in street level drug transactions.

    The undersigned on or about August 13, 2003 had conversation with a confidential informant. This confidential informant will be referred to in further paragraphs as CI. I have known this person for several weeks. During the past month I have been talking with CI about the drug trade in the city of Worcester Ma. Based on our conversations I know CI to be very knowledgeable regarding illegal drug activity in the city of Worcester Ma. Based on these conversations it was made clear to me that CI is very familiar with the appearance, and packaging of drugs for distribution, along with the methods and practices employed by drug dealers to distribute such substances. During this time this person has provide information, which has proven to be true, reliable and accurate. This is due to the fact that CI mentioned a number of addresses and or people that this officer and other officer's of the Vice squad were or are still presently conducting investigations on for illegal drug activity. CI also made several control buys that would verify this subjects knowledge of the persons and or addresses provided.

    On or about August 18, 2003 CI informed me that he/she had been buying large amounts of rock cocaine from a Jamaican male he/she knew as Rat. CI stated that this subject was supplying large amounts of crack cocaine to other smaller level cocaine dealers in the city. CI stated that he/she has purchased anything from 1'4 ounce to an ounce of cocaine from this subject at one time, at prices of $250.00 to $1.000.00. CI stated that this subject was selling rock cocaine that is packaged in knot tied plastic bags. CI stated that he/she has been buying crack cocaine from this subject for several months. CI stated that he/she has received cocaine from this subject all hours of the day and night.

    CI informed the undersigned that Rat made deliveries of cocaine using a gray colored Honda. CI stated that whenever he/she purchased cocaine from Rat he/she had to phone Rat, dialing the cell phone number 774-249-3187. CI stated that whenever he/she phones this subject a

GOVERNMENT
EXHIBIT
A-I

| PRINTED NAME OF AFFIANT | SIGNED UNDER THE PENALTIES OF PERJURY |
|---|---|
| Darnell McGee | X _Darnell McGee_ |
| | Signature of Affiant |

SWORN AND SUBSCRIBED TO BEFORE

X _____
Signature of Justice, Clerk-Magistrate or Assistant Clerk

DATE: September 9, 2003




predetermined location is picked in the city where a meet will take place. CI stated that he/she believes that Rat works at the Maytag Laundromat on Mason St., in the city of Worcester Ma. CI described Rat as a tall thin black male who is has a Jamaican accent and who is approx. 40 years old.

On or about August 18, 2003 CI agreed to make a control buy from Rat. At this time CI was thoroughly searched and found not to be in possession of any money or controlled substance. CI was given a sum of money and driven to the downtown area of Worcester. The undersigned then observed CI phone the number 774-249-3187 and over heard CI have conversation with a subject whom he/she referred to as Rat. During this conversation this subject told the CI to meet him at an undisclosed location in the city of Worcester Ma. {The exact location is undisclosed to protect the identity of CI}. CI was then driven to the area of this undisclosed location, there the undersigned observed CI leaving this area and walking directly to the undisclosed location. Shortly after this the undersigned observed a gray Honda Accord with a Mass license plate of 1470RP pull up to the undisclosed location. The undersigned observed Louis Thompson D.O.B 12/28/60 exit this vehicle and approach the CI. After a short period the undersigned observed the CI make an exchange with Mr. Thompson and then both subjects parted ways. CI was then followed to a predetermined location. While at this predetermined location CI informed me that the black male arriving at the undisclosed location during this meet in the gray Honda Accord was the subject who he/she knew as Rat. CI then handed the undersigned a knot tied plastic bag which contain a large amount of rock like substance. The undersigned officer believed this substance to be crack cocaine. The substance field tested positive for cocaine and has since been sent out for analysis. CI stated that he/she received the substance from the subject whom he/she knew as Rat.

The undersigned is very familiar with a Louis Thompson D.O.B. 12/28/60 AKA Rat. Louis Thompson is a black male who is a Jamaican native who is approx. 6'0 tall with a thin build. Mr. Thompson is 42 years old. The undersigned knows this subject to work at the Maytag Laundromat located at 221 Chandler St. in the city of Worcester. The undersigned also knows that this particular Laundromat and Mr. Thompson have been the targets of other drug investigations conducted by the Worcester Vice squad in the past.

During my investigation the undersigned ran a registration check on Ma. Registration 1470RP. The registration came back to 2003 Honda Accord color gray. The vehicle is registered to the "Maytag Just Like Home Laundromat" with an address of 99 Longfellow Rd., in the city of Worcester Ma. The undersigned checked our criminal records Master Card File and found a Louis Thompson DOB 12/28/60. Our records also showed this subject with an address of 99 Longfellow Rd., apartment #1 in the city of Worcester. This subject is described in our records as being an a black male about 6'1 tall with a thin build who is 42 years old and who was born in Kingston Jamaica. Our records also show that this subject is an owner of a laundry mat. Our records also show that Louis

| PRINTED NAME OF AFFIANT | SIGNED UNDER THE PENALTIES OF PERJURY |
|---|---|
| Darnell McGee | X _Darnell McGee_ |
| | Signature of Affiant |
| SWORN AND SUBSCRIBED TO BEFORE | |
| X _____ | _____ |
| Signature of Justice, Clerk-Magistrate or Assistant Clerk | DATE  September 9, 2003 |

PAGE _2_ OF _5_ PAGES OF THIS AFFIDAVIT




Thompson D.O.B. 12/28/60 was arrested and charged on 05/21/98 and charged with Poss. of Cocaine with the Intent to Distribute. The undersigned obtained a photo of Louis Thompson D.O.B. 12/28/60 and showed it to CI. CI positively identified the subject in the photo as the subject whom he/she knew as Rat and who he/she had been buying large amounts of cocaine from out of the gray Honda Accord.

On or about August 20 CI agreed to make a second control buy from this subject he/she knew as Rat. CI again was thoroughly searched and found not to be in possession of any money or controlled substances. CI was given a sum of money and driven to the downtown area. At this time Vice officer Pat Moran was set up in a surveillance position outside 99 Longfellow Rd. CI then phoned the number 774-249-3187 and spoke with a subject who he/she referred to as Rat. This subject requested that the CI meet him at an undisclosed location in the city of Worcester Ma. CI was taken to the area of this undisclosed location and observed walking to the meet location. A short time later officer Moran indicated that he observed a gray Honda Accord bearing Mass. Registration 1470RP pull into the driveway of 99 Longfellow RD., with one lone black male operator. The vehicle pulled into the rear of this location and out of sight of officer Moran. After approx. 5 to 7 minutes officer Moran observed the same vehicle exit the driveway of 99 Longfellow Rd with one black male operator. A short time later this vehicle was then observed at the undisclosed location. At this time the undersigned observed Louis Thompson DOB 12/28/60 exit this vehicle and meet with the CI. After a short period Mr. Thompson made an exchange with CI and both subjects parted ways. Mr. Thompson entered the Honda Accord and was followed directly back to 99 Longfellow Rd. CI was observed walking directly back to our predetermined location. While at this predetermined location CI handed the undersigned a knot tied plastic bag. This bag contained a large amount of rock like substance this officer believe to be crack cocaine. This substance field tested positive for cocaine and has since been sent out for analysis. CI informed the undersigned that he/she received the substance from the subject whom he/she knows as Rat the same subject he/she identified in the photo.

During further investigation the undersigned had conversation with vice officer James O'Rourke. Officer O'Rourke informed me that he also received information regarding a Louis Thompson from 99 Longfellow. Officer O'Rourke informed me that he received this information from a confidential and reliable informant. Officer O'Rourke informed me that he has known this informant for approx. one year and knows this informant to use cocaine on a daily basis. Officer O'Rourke informed me that this informant has provided him with information in the past, which has resulted in the arrest of drug dealers and the issuance of numerous search warrants for illegal narcotics. The service of these warrants has resulted in the arrest and conviction of drug dealers and resulted in the confiscation of various amounts of cocaine and monies believe gained thru illegal drug sales. Officer O'Rourke informed me that his informant was also buying cocaine from a Jamaican male who he/she called Rat. Officer O'Rourke stated that his informant phoned this subject who he/she called Rat, dialing

| PRINTED NAME OF AFFIANT | SIGNED UNDER THE PENALTIES OF PERJURY |
|---|---|
| Darnell McGee | X _Darnell McGee_ |
| | Signature of Affiant |
| SWORN AND SUBSCRIBED TO BEFORE | |
| X _____ | September 9, 2003 |
| Signature of Justice, Clerk-Magistrate or Assistant Clerk | DATE |

**A F F I D A V I T**
**I SUPPORT OF APPLICATION**
**FOR SEARCH WARRANT**



**TRIAL COURT OF MASSACHUSET**

the number 774-249-3187. Officer O'Rourke stated that his informant has also on occasion purchased cocaine from Rat out of the 1st. floor at 99 Longfellow Rd., in the city of Worcester Ma. Officer O'Rourke informed me that his informant stated that Rat has delivered cocaine to him/her in a gray colored Honda Accord. Officer O'Rourke informed me that his informant described Rat as a black male who was tall with a thin build and who is approx. 40 years old with a Jamaican accent. Officer O'Rourke stated that during his own investigation of this information he also showed a photo of Louis Thompson DOB 12/28/60 to his informant and his informant positively identified the subject in the photo as the subject whom he/she knew as Rat, and who is the person who he/she has purchased cocaine from out of the 1st. floor at 99 Longfellow Rd., Worcester Ma.

Within the past 48 hours the undersigned requested officer O'Rourke get an update from this informant regarding 99 Longfellow Rd. Officer O'Rourke informed me that on or about August 26, 2003 he spoke with this confidential and reliable informant. Officer O'Rourke stated that at this time this informant stated that within the past two weeks he/she purchased an amount of cocaine from Louis Thompson out of the 1st floor of 99 Longfellow Rd.

During further investigation the undersigned checked the recently published Worcester Assessing Department manual. The undersigned learned that the property at 99 Longfellow Rd., is owned by Louis Thompson DOB 12/28/60. This record also indicates that he has own this property since 05/03/94.

Within the past 48 hours CI agreed to make a third control buy from Louis Thompson DOB 12/28/60. CI again was thoroughly searched and found not to be in possession of any money or controlled substances. CI was given a sum of money and driven to the downtown area in the city of Worcester Ma. At this time vice officers were set up in a surveillance position outside 99 Longfellow Rd. CI then phoned Louis dialing cell phone number 774-249-3187. Again CI spoke with a subject who answered to the name Rat who requested CI to meet him at an undisclosed location. CI was taken to the area of this undisclosed location where CI was seen walking to this location. After approx. ten minutes Vice squad members observed the target vehicle gray colored Honda Accord bearing Mass. Registration 1470RP pulled into the driveway of 99 Longfellow. After a short period this vehicle exited this location and was followed directly to the undisclosed location. CI was again observed meeting with Louis Thompson after he exited the target vehicle. CI again was observed making an exchange with Mr. Thompson and then both subjects parted ways. CI was observed walking directly back to our predetermined location. While at this location CI handed the undersigned a plastic bag which contained a rock like substance. This substance field tested positive for cocaine and has seen been sent out for analysis. CI informed the undersigned that he/she received the

| PRINTED NAME OF AFFIANT | SIGNED UNDER THE PENALTIES OF PERJURY |
|---|---|
| Darnell McGee | X _____ |
| | Signature of Affiant |

SWORN AND SUBSCRIBED TO BEFORE

X _____
Signature of Justice, Clerk-Magistrate or Assistant Clerk

_____
DATE

PAGE ___ OF ___ PAGES OF THIS AFFIDAVIT





Substance from Louis Thompson the same subject he/she identified in the photo.

On 8/29/03 as a result of the above information the undersigned requested and subsequently received search warrants for 99 Longfellow Rd., 1st. floor and a gray color 2003 Honda Accord bearing Mass. Registration 1470RP. The Worcester Vice squad was unable to serve these warrants because of the lack of personnel available due to the Labor Day holiday.

Within the past 24 hours CI agreed to make another control buy from Rat. At this time CI was thoroughly searched and found not to be in possession of any money or controlled substance. CI was given a sum of money and driven to the downtown area. The undersigned at this time requested that vice squad officers set up a surveillance position outside 99 Longfellow Rd., and the Maytag Laundromat located at 21' Chandler St., in the city of Worcester Ma. At this time the target vehicle 2003 Honda Accord color gray bearing Mass. Registration 1401RP was located at the Laundromat. CI then phoned the number 774-249-3187. Again CI spoke with a subject who answered to the name of Rat who requested CI meet him at an undisclosed location. CI was taken to the area of this undisclosed location where CI was seen walking to this location. After approx. fifteen minutes Vice squad officers observed Louis Thompson D.O.B. 12/28/60 exit the Laundromat and enter the target vehicle. This vehicle was followed from the Laundromat directly to 99 Longfellow Rd. Vice officer Pat Moran observed the vehicle pull into the rear of this location. After approx. 5 minutes vice officer Pat Moran observed the target vehicle exit the rear of 99 Longfellow Rd and the vehicle was followed directly to the undisclosed location. CI again was observed meeting with Louis Thompson during which time CI made an exchange with Mr. Thompson. Both subjects parted ways and CI was observed walking back to our predetermined location. While at this location CI handed the undersigned a plastic bag which contained a rock like substance. This substance field tested positive for cocaine and has since been sent out for analysis. CI informed the undersigned that he/she received the substance from Louis Thompson the same subject he/she identified in the photo.

Based on the above information it is my belief that cocaine is being delivered for sale in 2003 Honda Accord color gray bearing Mass. registration 1470RP and being kept for sale at 99 Longfellow Rd., 1st. floor, Worcester Ma.

| PRINTED NAME OF AFFIANT | SIGNED UNDER THE PENALTIES OF PERJURY |
|---|---|
| Darnell McGee | X _Darnell McGee_ |
|  | Signature of Affiant |
| SWORN AND SUBSCRIBED TO BEFORE | |
| X _____ | |
| Signature of Justice, Clerk-Magistrate or Assistant Clerk | DATE |

## EXHIBIT B



### AFFIDAVIT OF JAMES F. O'HARA II

I, James F. O'Hara II, state the following under oath:

1.    I am a Special Agent of the United States United States Drug Enforcement Administration (the "DEA"). I joined the DEA in 1984, when I was assigned to the New York City Office. I was transferred to the New England Field Division in 1989. For the past three years, I have been assigned to the Asset Forfeiture Section of the DEA. I have participated in approximately 50 investigations relating to the distribution and the sale of controlled substances such as cocaine, heroin, and marijuana, and am familiar with the methods, routines, and practices of narcotics traffickers. I am also familiar with the various paraphernalia used to manufacture, compound, process, deliver, and dispense heroin, cocaine, marijuana, and other controlled substances.

2.    I submit this Affidavit in support of a Complaint' for Forfeiture In Rem against the real property and buildings located at 99-101 Longfellow Street, Worcester, Massachusetts (the "Defendant Property") which currently is owned by Louis Thompson.

3.    This affidavit is based on an investigation conducted by members of the Worcester Police Department Vice Squad in August and September 2003. During the investigation, a number of controlled narcotics purchases were made by delivery after a

GOVERNMENT
EXHIBIT
B

confidential informant placed cell phone calls to Thompson.
Between the times of three of the phone calls and subsequent
deliveries of narcotics by Thompson, surveillance officers
observed Thompson arrive at the Defendant Property and depart
shortly thereafter.  These investigations also included the
execution of search warrants at the Defendant Property and of a
vehicle operated by Thompson, the seizure of cocaine, cash and
various paraphernalia used to deliver and dispense cocaine, and
the arrests of the owner and certain residents of the Defendant
Property.

4.    Based on the information detailed in the Affidavit of
Officer Darnell McGee of the Worcester Police Department,
attached to the Complaint as Exhibit A, which I have reviewed, I
have probable cause to believe that the Defendant Property was
used or intended to be used to commit, or to facilitate the
commission of, a violation of 21 U.S.C. §§ 841, 846 and/or 856.
I therefore have probable cause to believe that the Defendant
Property is subject to forfeiture to the United States pursuant
to 21 U.S.C. § 881(a)(7).

Signed under the pains and penalties of perjury this $\frac{24}{}$ day
of November 2003.

James F. O'Hara II, Special Agent
United States Drug
Enforcement Administration