UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

COPY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>        Plaintiff,<br><br>v.<br><br>99-101 LONGFELLOW ROAD,<br>WORCESTER, MASSACHUSETTS,<br>        Defendant.<br><br>LOUIS THOMPSON,<br>        Claimant. | Civil Action No. 03-12378-MLW |

## UNITED STATES' FIRST REQUEST
## FOR THE PRODUCTION OF DOCUMENTS TO LOUIS THOMPSON

Pursuant to Federal Rules of Civil Procedure 26 and 34, and Local Rules 26.5 and 34.1, the United States of America hereby requests that claimant Louis Thompson produce for inspection and copying the items listed below, in accordance with the following definitions and instructions, at the office of the United States Attorney, District of Massachusetts, United States Courthouse, Suite 9200, One Courthouse Way, Boston, Massachusetts 02210, within thirty (30) days of your receipt of this Request for Production. This Request for Production may be complied with by forwarding copies of the same to the above-referenced address, to the attention of Kristina E. Barclay, Assistant United States Attorney, within thirty (30) days of your receipt of this request.

**DEFINITIONS**

A. "You," "your" and "yours" shall mean Louis Thompson.

B. "Defendant Property" shall mean the real property located at 99-101 Longfellow Road, Worcester, Massachusetts, including all buildings, appurtenances, and improvements thereon, the title of which is recorded at <u>Book</u> 16257, <u>Page</u> 98, of the Worcester County Registry of Deeds.

C. "Document" shall be synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a). Electronically stored information also is included within the meaning of this term. A draft or non-identical copy is a separate document within the meaning of this term.

D. "Communication" or "communications" shall mean the statement, writing, transfer, exchange, recording or transmittal of information of any nature, whether formal or informal.

E. "Concerning" shall mean, in any way, directly or indirectly, concerning, relating to, referring to, reflecting, regarding, describing, evidencing, comprising, constituting, embodying, showing, discussing, supporting, qualifying, or negating.

**INSTRUCTIONS**

A. Your attention is drawn to Federal Rule of Civil Procedure 26(e) for a statement of the duty to supplement your responses to this Request for Production. This Request for

Production shall be deemed continuing, so as to require additional answers if you obtain further information between the time this Request for Production is served and thirty (30) days prior to trial of this action.

 B. Each document request should be construed to make the request inclusive rather than exclusive. Thus, words importing the singular shall include the plural, words importing the feminine gender may be applied to males. "And" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive. "Any" shall be construed as "any and all" as necessary to make the request inclusive.

 C. If you object to any document request, state the legal and factual basis for your objection. If you refuse to disclose information requested by any document request based on your alleged objection, provide the following information for each withheld document:

  1. the name and title of the document's author(s);

  2. the name and title of the person(s) to whom the document was addressed;

  3. the name and title of the person(s) to whom copies of the document were sent;

  4. the date on which the document was written or otherwise produced;

  5. the date on which the document was mailed, sent,

or otherwise delivered to its addressee(s);

6. the number of pages;

7. a brief description of the document's nature and subject matter;

8. the basis on which the document is being withheld;

9. the document request to which the document is otherwise responsive; and

If you refuse to produce a document on the basis of some privilege, please respond to the extent that the privilege is not applicable and identify the nature of the privilege that is being claimed. If the privilege is being asserted in connection with a claim or defense governed by state law, please indicate the particular privilege rule that is being invoked.

## DOCUMENT REQUESTS

REQUEST NO. 1:

Any documents that you identified and/or relied upon in response to the United States' First Set of Interrogatories, as well as any documents concerning your responses to the Interrogatories.

REQUEST NO. 2:

Any documents concerning the ownership of the Defendant Property, including without limitation loan applications, credit reports, records of mortgages and mortgage payments, title reports, appraisal reports, closing documents, records of any

liens or attachments on the defendant property, records of payments, cancelled checks, internal correspondence or notes' (handwritten or typed) relating to any of the above, and opinion letters from borrower's or lender's counsel relating to any of the above.

REQUEST NO. 3:

Any federal, state, local and foreign income tax returns with all attachments, including W-2 forms, filed by you, or on your behalf, jointly or individually, for the years 1998 through 2003.

REQUEST NO. 4:

Any federal, state, local and foreign income tax returns with all attachments filed by or on behalf of any business in which you had an interest for the years 1998 through 2003.

REQUEST NO. 5:

Any other documents concerning income you received for the years 1998 through 2003, including with out limitation public assistance and workers' compensation income.

REQUEST NO. 6:

Any lease or rental agreements for tenants, other than yourself, who have resided or currently are residing at the Defendant Property since May 3, 1994.

REQUEST NO. 7:

Any documents concerning the denials and allegations in your

5

Verified Statement of Interest and/or Answer to Complaint in the above-captioned matter.

REQUEST NO. 8:

If you contend that the Defendant Property was not used or intended to be used to facilitate illegal drug trafficking activities, produce any documents that support your contention.

```
                              MICHAEL J. SULLIVAN
                              United States Attorney


                         by: _____
                              KRISTINA E. BARCLAY
                              Assistant U.S. Attorney
                              1 Courthouse Way, Suite 9200
                              Boston, MA 02110
                              (617) 748-3100
```

Date: January 11, 2005

### CERTIFICATE OF SERVICE

I, Kristina E. Barclay, Assistant U.S. Attorney, do hereby certify that I have served a copy of the foregoing by first class mail, postage prepaid, upon counsel of record for Louis Thompson on January 11, 2005.

```
                              _____
                              Kristina E. Barclay
                              Assistant U.S. Attorney
```

6



UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| ) | |
| . ) | Civil Action No. 03-12378-MLW |
| ) | |
| 99-101 LONGFELLOW ROAD, ) | |
| WORCESTER, MASSACHUSETTS, ) | |
| Defendant. ) | |
| _____ ) | |
| ) | |
| LOUIS THOMPSON, / | |
| Claimant. ) | |

### UNITED STATES' FIRST SET OF
### INTERROGATORIES TO CLAIMANT LOUIS THOMPSON

The United States of America, pursuant to Supplemental Rule for Certain Admiralty and Maritime Claims C(6), Federal Rules of Civil Procedure 26 and 33, and Local Rules 26.5 and 33.1, hereby requests that claimant Louis Thompson respond to the following Interrogatories fully, separately, in writing, under oath, under the penalty of perjury and in accordance with the following definitions and instructions within thirty (30) days of service.

### DEFINITIONS

A.  "You," "your" and "yours" shall mean Louis Thompson.

B.  "Defendant Property" shall mean the real property located at 99-101 Longfellow Road, Worcester, Massachusetts, including all buildings, appurtenances, and improvements thereon, the title of which is recorded at Book 16257, Page 98, of the Worcester County Registry of Deeds Central District.

C. "Document" shall be synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a). Electronically stored information also is included within the meaning of this term. A draft or non-identical copy is a separate document within the meaning of this term.

D. "Communication" or "communications" shall mean the statement, writing, transfer, exchange, recording or transmittal of information of any nature, whether formal or informal.

E. "Person" shall mean any natural person, and/or any business, legal, or governmental association, including but not limited to individuals, firms, partnerships, physicians, therapists, nurses, hospitals, corporations, proprietorships, joint ventures, associations, governmental bureaus, branches or agencies, or any other organization or entity.

F. "Identify," "identity" and "state the identity of," when used in reference to:

(1) "Document" shall mean to state the type of document (<u>i.e.</u>, letter, telegram, memorandum, book, chart, computer print-out, electronically-maintained data, etc.), general subject matter, date, author(s), sender(s), addressee(s), recipient(s), or other means of identifying it and its present location or custodian, and, in the case of a document that was, but is no longer, in your possession, custody, or control, what disposition

was made of it;

(2) "Communication" and "communications" shall mean to state the substance of the communication, the date and place of the communication and the medium through which the communication was made, to identify each and every person who participated, heard, witnessed or was present for the communication, and identify each and every document concerning the communication;

(3) "Source" shall mean to state each of (1) and/or (2) above that refers to the topic being inquired about; and

(4) "Person" shall mean to state the full name and current or last known address of any person as defined in (D) above, as well as the present or last known position or business affiliation of any natural person.

G.  "Describe" shall mean characterize or delineate with particularity, *i.e.*, set forth those material facts and details that are reasonably necessary to an intelligible and meaningful understanding of the person, place, main idea, activity, or transaction being described.

H.  "Concerning" shall mean, in any way, directly or indirectly, concerning, relating to, referring to, reflecting, regarding, describing, evidencing, comprising, constituting, embodying, showing, discussing, supporting, qualifying, or negating.

I.  "State the basis" shall mean to:

3

(1) identify each and every document (and, where pertinent, the section, article, or subparagraph thereof) that forms any part of the source of your information regarding the alleged facts or legal conclusions referred to by the interrogatory;

(2) identify each and every communication that forms any part of the source of your information regarding the alleged facts or legal conclusions referred to by the interrogatory;

(3) state separately the acts or omissions to act on the part of any person (identifying the acts or omission to act by stating their nature, time, and place, and identifying the persons involved) that form any part of your information regarding the alleged facts or legal conclusions referred to by the interrogatory; and

(4) state separately any other fact that formed the basis fo your information regarding the alleged facts or legal conclusions referred to by the interrogatory.

**INSTRUCTIONS**

A.  These Interrogatories must be answered separately, fully, in writing, and under oath.

B.  Your attention is drawn to Federal Rule of Civil Procedure 26(e) for a statement of the duty to supplement your responses to these Interrogatories.  These Interrogatories shall be deemed continuing, so as to require additional answers if you obtain further information between the time these Interrogatories

are served and the time of trial of this action.

C. If you cannot answer any interrogatory in full, after exercising due diligence to secure the information to do so, answer the interrogatory to the extent possible, explain any inability to answer, and state the information presently available to you concerning the unanswered portion.

D. If you elect to produce any document in response to one or more of the interrogatories, indicate to which interrogatory or part thereof the document responds.

E. Each interrogatory should be construed to make the interrogatory inclusive rather than exclusive. Thus, words importing the singular shall include the plural, words importing the feminine gender may be applied to males. "And" and "or" shall be construed conjunctively or disjunctively as necessary to make the interrogatory inclusive. "Any" shall be construed as "any and all" as necessary to make the interrogatory inclusive.

F. If you object to any interrogatory, or any subpart thereof, state the legal and factual basis for your objection, and describe the information or documents that you propose to withhold as a result of your alleged objection.

G. If you refuse to disclose information requested by any interrogatory, or any subpart thereof, on the basis of some privilege, please respond to the extent that the privilege is not applicable and identify the nature of the privilege that is being

claimed. If the privilege is being asserted in connection with a claim or defense governed by state law, please indicate the particular privilege rule that is being invoked. In addition, please identify: (a) with respect to each oral communication (i) the general topic of the communication (without stating the substance); (ii) the parties to the communication, (iii) other persons present during any part of the communication, (iv) the date(s) of the communication, (v) the place(s) of the communication, (vi) whether any tape or memoranda was prepared concerning any part of the communication, and (vii) if so, the present location and custodian of such tape or memoranda; and (b) with regard to each written communication (i) the general topic of the communication (without setting forth the contents), (ii) a description of the written document, (iii) the author of the document, (iv) the date of the document, (v) the letterhead of the document, (vi) the names of all persons whose names or signatures appears in or on the document, (vii) the names and addresses of any and all addressees and/or recipients of the document, and (viii) the present location and custodian of each such document.

## **INTERROGATORIES**

INTERROGATORY NO. 1:

    Provide the following information about yourself:

        a.    full name;

        b.    date of birth;

        c.    place of birth;

        d.    Social Security Number;

        e.    current residential address, including street address and Post Office box;

        f.    current telephone number;

        g.    length of time at current residential address;

        h.    any previous name or alias used; and

        i.    any previous residential address, including street address and Post Office box, and telephone numbers for the past five (5) years.

INTERROGATORY NO. 2:

    For each address identified in your response to Interrogatory No. 1, list any individuals that resided at the address at the same time you resided there, your relationship to them, and the inclusive months and years during which time the individual(s) resided at the address with you.

INTERROGATORY NO. 3:

With respect to the Defendant Property:

a. state the nature of your interest in the Defendant Property, if any;

b. provide the date(s) on which you acquired such interest in the Defendant Property;

c. describe the circumstances concerning your acquisition(s) of such interest; and

d. identify all documents evidencing such interest and your acquisition thereof.

INTERROGATORY NO. 4:

If any person other than you currently holds any right, including without limitation any mortgage, lien, easement, license, conditional fee with the right of entry for breach of condition, covenant, restriction or other private servitude, in the Defendant Property:

a. identify each such person;

b. describe the nature of each such person's right in the Defendant Property;

c. state the date on which each such right was created; and

d. identify all documents evidencing each such right.

INTERROGATORY NO. 5:

Describe your employment, including any self employment or consultation, from January 1, 1998 to present, including without limitation:

    a.    the identity of each employer;

    b.    the dates of your employment with each employer;

    c.    all positions you held with each employer;

    d.    your gross and net monthly salary; and

    e.    the reason for termination if you are no longer so employed.

INTERROGATORY NO. 6:

In addition to the income identified in your response to Interrogatory No. 5, describe any source(s) of income for the past five (5) years, and if married, describe the same for your spouse, including in your response:

    a.    the identity of each such source, including the account number of any bank or stock account;

    b.    the nature of such income;

    c.    the amount(s) of income you received from each such source;

    d.    the date(s) on which you received income from each such source; and

    e.    the reason such income was paid to you.

INTERROGATORY NO. 7:

If you have held any right, including without limitation any ownership interest, mortgage, lien, easement, license, conditional fee with the right of entry for breach of condition, covenant, restriction or other private servitude, in any real property, other than the Defendant Property, in the last five (5) years, state the address(es) of each property, the nature of your right and the inclusive months and years during which time you held such a right.

INTERROGATORY NO. 8:

List any bank accounts and safe deposit boxes you have used and/or maintained in the past five (5) years, including the name(s) and address(es) of each bank. If married, list the same for your spouse.

INTERROGATORY NO. 9:

If you have ever been involved in any legal action, whether civil or criminal, as a plaintiff, defendant, or witness, provide for each such action:

    a.    a description of the nature of the action;

    b.    the disposition, if any;

    c.    the date of disposition, if any;

    d.    the identity of the court where the action was, or is pending;

    e.    the date on which the action was filed;

    f.    the caption or title of such action; and

    g.    the docket number of such action.

INTERROGATORY NO. 10:

Describe the physical layout of any buildings located on the Defendant Property, including in your description:

    a.    the number of floors in the building;

    b.    the number of units, if any, on each floor of the building; and

    c.    the number of rooms in each unit.

INTERROGATORY NO. 11:

Identify any individual, other than yourself, who has resided at the Defendant Property in the last five (5) years, including for each individual, the inclusive months and years during which time the individual resided at the Defendant Property, the floor and/or unit of the Defendant Property in which they resided, whether the individual resided at the Dependant Property pursuant to a lease or rental agreement, and the terms of each such agreement.

INTERROGATORY NO. 12:

Describe in detail the basement of the Defendant Property, including in your description:

    a.    the number of rooms or units, if any;

    b.    a list of items stored in each room or unit;

    c.    the identity of any individual with access to each room or unit between January 1, 1998 and September 31, 2003;

    d.    the location of any common space in the basement; and

    e.    the identity of any individual with access to the common space in the basement between January 1, 1998 and September 31, 2003.

<u>INTERROGATORY NO. 13:</u>

Identify any person who assisted you in preparing answers to any these interrogatories, or who provided any information in connection with preparing answers to any of these Interrogatories, or whose files and/or documents were reviewed for the purpose of gathering or identifying documents potentially responsive to these Interrogatories, and specify the information supplied by each such person.

                              MICHAEL J. SULLIVAN
                              United States Attorney

                              By _____
                              KRISTINA E. BARCLAY
                              Assistant U.S. Attorney
                              1 Courthouse Way, Suite 9200
                              Boston, MA 02110
                              (617) 748-3100

Date: January 11, 2005

**CERTIFICATE OF SERVICE**

I, Kristina E. Barclay, Assistant U.S. Attorney, do hereby certify that I have served a copy of the foregoing by first class mail, postage prepaid, upon counsel of record for Louis Thompson on January 11, 2005.

_____
Kristina E. Barclay
Assistant U.S. Attorney